IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

**LEAMOND SHAFFER,**                                                     **PLAINTIFF**

**VS.**                                          **4:11-cv-111-CWR-LRA**

**MISSISSIPPI HIGHWAY SAFETY PATROL,**
**JAMEKA D. MOORE, Individually and**
**in his Official Capacity as a Trooper for the**
**Mississippi Highway Safety Patrol, and**
**JOHN DOES 1-10**                                **DEFENDANTS**

**ORDER**

This matter is before the Court on a motion to dismiss [Docket Nos. 4 and 6], filed on behalf of the Mississippi Highway Patrol, and Officer Jameka Moore in his official capacity, Defendants, a response [Docket No. 14] by Leamond Shaffer, Plaintiff, and a reply [Docket No. 15] by Moore in his official capacity.

Plaintiff asserts that this Court's jurisdiction arises under Title 42, United States Code, Section 1983. Complaint [Docket No. 1], at ¶ 5. In general, he alleges that he was subjected to various forms of misconduct by State Trooper, Jameka D. Moore, an officer employed by the Mississippi Highway Patrol. His claims include false arrest, false imprisonment, malicious prosecution and violations of "plaintiff's constitutional rights pursuant to the Fourth, Fifth, Sixth, Eighth, Twelfth and Fourteenth Amendments of the United States Constitution." *Id*. at ¶ 23. Defendants Mississippi Highway Safety Patrol and Jameka D. Moore, in his official capacity, have moved to dismiss this action contending that they are entitled to immunity provided by the Eleventh Amendment to the United States Constitution.

The Court GRANTS Defendants' motion to dismiss with respect to Shaffer's state law claims and federal claims seeking monetary relief against the Mississippi Highway Safety Patrol which is considered an arm of the state. In fact, district courts in this state have routinely dismissed alleged violations under Section 1983 against the Mississippi Department of Public Safety as being barred by the Eleventh Amendment. *See, e.g.*, *Gazzo v. Mississippi Dept. Of Public Safety*, 2011 WL 1841258, *1 (S.D. Miss. May 13, 2011)(Guirola, J.); *Brown v. Simpson*, 2009 WL 2449898 at *1 n.1 (N.D. Miss. Aug. 7, 2009)(Pepper, J.); and *King v. Miss. Highway Patrol*, 827 F.Supp. 402, 403-04 (S.D. Miss. 1993)(Lee, J.). "The Eleventh Amendment also bars plaintiff's state law tort claims" in federal court against State departments and agencies. *Hopkins v. Mississippi*, 634 F.Supp.2d 709, 712 (S.D. Miss. 2009)(citing Miss.Code Ann. §11-46-5(4); and *Black v. North Panola School Dist.*, 461 F.3d 584, 594 5th Cir. 2006)). Moreover, not only are such cases due to be dismissed against the state and its agencies, such claims against state employees in their official capacity seeking monetary damages only must be dismissed as well because official capacity suits impose liability on the entity the public servant represents. *King*, 827 F.Supp. at 404. *See also Kermode v. University of Mississippi Medical Center*, 2011 WL 4351340 *3, n.19 *citing Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

As made clear in Moore's reply memorandum, he has limited this motion to dismiss to his official capacity for which he is entitled to Eleventh Amendment immunity. Such immunity, however, does not apply to plaintiff's claims for monetary damages against Moore in his individual capacity. *Brown v. Mississippi Dept. of Corrections*, 2008 WL 4960467, *5 (S.D. Miss. Nov. 20, 2008)(citing *Hafer v. Melo*, 502 U.S. 21. 30-31, 112 S.Ct. 358, 116 L.Ed.2d 301 (1991). Moore has raised the affirmative defense of qualified immunity, but at this juncture the sole grounds on which

these defendants have sought relief is Eleventh Amendment immunity to which they are entitled.

IT IS, THEREFORE, ORDERED AND ADJUDGED, that any and all of the claims of the Plaintiff, Leamond Shaffer, against the Mississippi Highway Safety Patrol, and Jameka Moore in his official capacity seeking monetary damages are hereby dismissed with prejudice.

Within ten days of the entry of this Order the parties are shall contact the chambers of Magistrate Judge Linda Anderson for lifting the Order Staying Case [Docket No. 12] and for entry of a scheduling order for discovery including immunity-related discovery concerning Moore's defense of qualified immunity.

**SO ORDERED AND ADJUDGED** this the 6th day of March, 2012.

/s/ *Carlton W. Reeves*
UNITED STATES DISTRICT JUDGE